Filed 2/13/25  P. v. Dupree CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063533 |
| v. | (Super. Ct. No. 96NF0620) |
| MARK ANTHONY DUPREE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Reversed and remanded.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Mark Anthony Dupree appeals from the trial court's order denying his petition under Penal Code section 1172.75[1] for recall and resentencing.  Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."

The issue presented by the case is whether section 1172.75 applies when, as in Defendant's case, a sentencing enhancement under section 667.5, subdivision (b) was imposed but stayed.  There is a split of authority on that issue.  *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, review granted February 21, 2024, S283189 (*Christianson*), holds that section 1172.75 applies to enhancement sentences which were imposed but stayed.  *People v. Rhodius* (2023) 97 Cal.App.5th 38, 42, review granted February 21, 2024, S283169 (*Rhodius*), holds that a defendant is eligible for resentencing only if the prior prison term enhancements were both imposed and executed.

We agree with the reasoning of *Christianson* that section 1172.75 applies equally to stayed enhancements and therefore conclude Defendant is entitled to a resentencing hearing.  Accordingly, we reverse the order denying Defendant's petition for recall and resentencing and remand to the trial court with directions.

BACKGROUND

In October 1996, a jury found Defendant guilty of one count (count 1) of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c).)  In a separate proceeding, the trial court found to be true the enhancement

---

[1]  Further statutory references are to the Penal Code.

2

allegations that Defendant had suffered two prior serious felony convictions (Pen. Code, § 667, subds. (a), (d)) and that both prior convictions constituted strikes (Pen. Code, §667, subd. (e)(2).  The court also found to be true the enhancement allegation under Penal Code section 667.5, subdivision (b) that Defendant had served two prior prison terms within the preceding five years.

In November 1996, the trial court sentenced Defendant to a base term of 25 years to life with an additional 10 years for the prior convictions enhancement, for a term of 35 years to life in prison.  The court imposed and stayed sentence of one year for each prior prison term enhancement under section 667.5, subdivision (b).

In May 2022, Defendant submitted a petition for recall and resentencing.  In November 2023, appointed counsel filed a second petition under section 1172.75 for recall and resentencing and alleged that "Defendant's name and case number appear on the SB 483 list provided by the [California Department of Corrections and Rehabilitation] to the Court, District Attorney, and Public Defender."

On November 28, 2023, the trial court conducted a hearing on some 128 petitions under section 1172.5, including that of Defendant, which turned on the issue of whether a court must conduct a resentencing hearing if the prior prison term enhancement had been imposed but stayed.  After reviewing and analyzing *Christianson* and *Rhodius*, the court decided to follow *Rhodius* because "it effectuates the true intent of the [L]egislature, particularly, in context of Penal Code section 1172.75(d)(1)."  In a written order dated November 28, 2023, the trial court found Defendant to be "ineligible for relief because all related enhancements were either stayed or stricken at the time of sentencing."

3

DISCUSSION

I.

RESENTENCING UNDER SECTION 1175.75

Section 1175.75 declares invalid "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense." (§ 1172.5, subd. (a).) Under section 1172.75, subdivision (b), the California Department of Corrections and Rehabilitation and each county correctional administrator must identify those persons in their respective custody currently serving a term for a judgment that includes a prior prison term enhancement under section 667.5, subdivision (b) and provide certain information about those persons to the court that imposed the sentence enhancement.

On receipt of the information described in section 1172.75, subdivision (b), the sentencing court must review the judgment and verify that it includes a prior prison term enhancement under section 667.5, subdivision (b). (§ 1172.75, subd. (c).) If the court determines that the judgment does include such a prior prison term enhancement, then "the court shall recall the sentence and resentence the defendant." (*Ibid.*) "Resentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

4

## II.

### SECTION 1172.75 APPLIES TO A PRIOR PRISON TERM ENHANCEMENT THAT WAS IMPOSED BUT STAYED

The trial court concluded, and the Attorney General argues, Defendant is ineligible for resentencing because the word "imposed" as used in section 1172.75 means both imposed and executed. Defendant argues the trial court erred by denying his petition because the word "imposed" as used in section 1172.75 includes an enhancement sentence that was imposed then stayed. We review such issues of statutory interpretation de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

The majority of published opinions on this issue have concluded section 1172.75 applies to enhancement sentences which were imposed but stayed. (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 668, 674, review granted Aug. 14, 2024, S285853; *Christianson, supra*, 97 Cal.App.5th at p. 305; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276-1279, review granted Mar. 12, 2024, S283547; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282-1293; see *People v. Espino* (2024) 104 Cal.App.5th 188, 193 [section 1172.75 applies to sentences which were imposed and stricken].) We agree with the reasoning of those opinions. Interpreting the word "imposed" in section 1172.75 to include a sentence enhancement that was imposed and stayed is supported by the context of the entire statutory scheme, the stated legislative intent, and the legislative history. (*Christianson, supra*, at p. 311.) A stayed enhancement carries the potential for an increased sentence in some circumstances (*id*. at p. 312) and "[i]mposed-but-stayed prior prison term enhancements carry the possibility of execution" (*Mayberry, supra*, 102 Cal.App.5th at p. 674).

5

Accordingly, we conclude the trial court erred by denying Defendant's petition for recall and resentencing.

DISPOSITION

The order denying Defendant's petition for recall and resentencing is reversed and the matter is remanded to the trial court for resentencing pursuant to section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

SANCHEZ, J.

WE CONCUR:

GOETHALS, ACTING P. J.

GOODING, J.

6